Case 57—ROADS—October 14, 1884.

# Rochester, &c., v. Sledge, &c.

### APPEAL FROM ALLEN CIRCUIT COURT.

:1. The object of the provisions of the General Statutes, chapter 94, title "Roads," is to give to the owner of the land over which the proposed road is to pass information of location in order that there may be an agreement, if there is damage; or that those act ng under a writ of *ad quod damnum* may locate the route and thereby determine the damages.

'2. Technical compliance with the old statute defeated its object.

.3. The report of the viewers definitely locates the road. as proposed to be run over the land of appellant, even under the old statute, and in accord with the decisions construing that statute.

WRIGHT & McELROY for appellants.

:1. The report of the viewers admits that there is damage to appellants, but states that the advantage of the road will make up for damage. It fails to show the conveniences and inconveniences which will result to the appellants as well as the public.

'2. It fails to show the terminus. It is not fixed by any visible object. (6 B. Mon., 118; 14 *Ib.*, 422; 3 Met., 186–7; *Ib.*, 69.)

PORTER & McQUOWN for appellees.

'1. The report of the viewers is better drawn than is usual. It is at least a substantial compliance with the statute.

'2. The jurisdiction of the circuit court to establish a road is given by chapter 94, article 1, section 43, General Statutes.

CHIEF JUSTICE HINES delivered the opinion of the court.

This is an appeal from an order of the circuit court :allowing an application to establish a public road, the ·application having been first made to the county court .and rejected.   These appeals are authorized by section 43, article 1, chapter 94, General Statutes.

The principal objection urged to the judgment of the circuit court establishing the road is that the report of the viewers is not sufficiently specific as to metes and .bounds, courses and distances, the terminal point, and

that they fail to report the conveniences and inconveniences to both the public and private persons over whose land the road is proposed to be located.

The report of the viewers returned a diagram or plat of the proposed road, and in reference to the land of appellant, the report recites: "Beginning at a stone on the south-west side of the Bowling Green and Scottville road at the letter A and ran S 48½, W 41 poles, across the land of W. H. Rochester to a stake on the land of N. K. Singer," and recited that the establishment of the road would result in some inconvenience and damage to appellant, Rochester, but that the damage would be more than compensated for by the advantages that the road would be to Rochester. The terminal point is designated as follows: "Thence with his (Johnson's line) and Pearson's line S 34, W 38 poles; S 50, W 14 poles; S 63, W 32 poles; S 69½, W 52 poles; S 75, W 18 poles; S 87, W 14 poles; S 65½, W 20 poles; S 11, E 8 poles to Tramel Creek, about one mile."

The object of these provisions of the statute are to give the owner of the land over which the proposed road is to pass information of location in order that there may be an agreement, if there is damage, as to its amount, or that those acting under a writ of *ad quod damnum* may be able to locate the route and thereby determine the damages.

The cases cited by counsel were under the revised and previous statutes, which are essentially different from the General Statutes, under which this proceeding is had. The Revised Statutes, volume 2, article 1, section 3, chapter 84, provides that the report of the viewers should describe the route laid out "by *metes* and *bounds*

and *by courses and distances,*" while the General Stat-
utes, article 1, section 3, chapter 94, is "*by metes and
bounds and by general courses and probable distances.*"

·This alteration was evidently made in the language·
of the law, in view of the strict construction placed
upon the former statutes, and with a view of making
a substantial compliance with the statute sufficient.
Technical compliance with the old statute defeated its.
object, and, therefore the alteration by the more
catholic statute, which protects the right of the citizen
without impairing the right of the public to free and
convenient communication in the discharge of public
duties and for private conveniences.

The report of the viewers definitely locates the road
as proposed to be run over the land of appellant, even
under the old statute and in accord with the decisions.
construing that statute. · It locates the beginning at a
certain point, and from that point gives the course and
distance over the land of appellant. The terminal
point of the road is also located with technical accu-
racy, by a natural object, "Tramel creek," as it was
suggested, in one of the opinions cited, was necessary
under the old statute.

Judgment affirmed.