## Chenault v. Collins, et al.

(Decided October 16, 1913).

## Appeal from Madison Circuit Court.

1.  Turnpikes and Toll Roads—Property of County—Status Under Present Statutes—Highways.—A turnpike road which has become the property of the county under the present statutes stands as any other public road and may be discontinued or altered as any other public road.

2.  Highways—Owner of Land Adjacent to Cannot Complain That Road is Altered or Discontinued.—The owner of land adjacent to a public highway cannot complain that the public road is altered or discontinued, and is not entitled to compensation for any depreciation of the property by reason of the alteration of the road.

3.  Highways—Proceeding to Alter Public Road—Jurisdiction.—In a proceeding to alter a public road upon petition, notice as required by the statute, must be given; the court is without jurisdiction to proceed unless the notice is given.

JOHN C. CHENAULT for appellant.

BURNAM & BURNAM for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

Appellees filed a petition in the Madison County Court for a change in the location of the Union turnpike from a point where it intersects the Otter Creek turnpike about three miles from Richmond, Kentucky. The proposed change of location is 1,280 feet long and the purpose of the change is to avoid two railroad grade crossings; the railroad company agreeing to construct the new road according to the plans and specifications prepared by the county authorities, and one of the petitioners, Mrs. Elveree Collins, agreeing to donate the right of way, so that the change would be made without any cost to the county. The court appointed commissioners to view the ground; they reported in favor of the proposed change. Mrs. Pattie P. Chenault filed exceptions to the report on the following grounds:

1.  Her farm lies north of and adjoining the pike proposed to be discontinued, her residence fronting on it, and her farm having been arranged relative to this pike, so that to discontinue it would greatly injure her place. The pike proposed to be discontinued was built over thirty years ago and before she became the owner

of the farm. To discontinue the pike would be to deny her an easement and take her property without compensation.

2. No steps required by law were observed before the viewers were appointed, and the proceedings were illegal and void.

The county court overruled her exceptions and ordered the change made. She appealed to the circuit court, which confirmed the judgment of the county court; and from that judgment she prosecutes.the appeal before us.

From the map filed in the record it appears that Mrs. Chenault's farm is adjacent to the Otter Creek pike, and her egress and ingress over this pike will not be interfered with. By section 4748b, subsection 6, Kentucky Statutes, all turnpikes are now public roads and stand precisely as any other county road. The county court has the same power to discontinue one of these roads as any other public road. A citizen has no right of property in a public road which is adjacent to his land. If it be true that the turnpike company under its charter could not have made this change without special authority from the Legislature to do so, the Legislature might have conferred this authority at any time, and the authority which the Legislature might have conferred upon the turnpike company, it has conferred upon the county court since the turnpike company went out of existence, and the pike became a county road. (Bradberry v. Walton, 94 Ky., 167.) A property owner in the absence of statutory provision, is not entitled to damages on account of the discontinuance of a county road. Cole v. Shannon, 1 J. J. M., 218; Elizabethtown Railroad. Co. v. Jackson, 9 R., 242. We, therefore, conclude that the first ground of exception by Mrs. Chenault is not maintainable.

The other exception is based on the ground that proper notice of the proceeding was not given. It seems that the petition was filed and the proceedings had under section 4290, Kentucky Statutes. The petition was filed on July 1, 1912, but the act of the General Assembly approved March 18, 1912, had then taken effect; and it would seem that the session acts not having then been printed, the case was practiced in ignorance of the provisions of this act. Its material provisions on the subject are as follows:

"Sec. 12.   When any road is altered, the former road shall be discontinued to the extent of such alteration and no further, and the new one established.

"Sec. 14.   No public road shall be established or discontinued, or the location thereof changed without due notice thereof having been given according to the provisions of this chapter.

"Sec. 16.   All notices and advertisements for the establishment, alteration or discontinuance of any road * * * shall, unless otherwise provided, be published for at least two consecutive weeks next preceding * * * the filing of a petition for the establishment, alteration or discontinuance of a road, at least once in each week in a newspaper of general circulation, or if there be no newspaper published in the county then by hand bills posted for fifteen days, one at the courthouse door and one in five or more other public places in the vicinity of the road or roads affected. It shall be the duty of the county road engineer to do the advertising herein mentioned, and he must file with the county clerk an affidavit showing the manner in which this section of the law has been observed.

"Sec. 17.   With the consent of the owner or owners of the land in which a change of location is proposed to be made given in writing, setting forth the exact changes proposed, which must be entered in the form of an agreed order of the county court and subject to the approval of the county judge, the county road engineer may change any public road in his county; Provided, such change does not materially increase the length or grade or require more work to keep the road in repair, or place the same on worse ground than it was before such change, or render the said road in any respect worse than it was before the change.

"Sec. 19.   When a person desires the establishment or alteration of a public road, bridge or landing, in any county, or a public road leading from the main road or roads, he shall petition the county court of the county in which such road, bridge or landing is situated, setting forth in his petition specifically the nature and location of the proposed work, and the court shall thereupon appoint two viewers, who, together with the county road engineer shall view the ground and report in writing the advantages and disadvantages which, in their opinion, will result as well to individuals as to the public from the proposed work and the grades and bearings of the pro-

posed road, and the facts and circumstances that may be useful to enable the county court to determine whether such work ought to be undertaken by the county. * * * They shall make careful examination of other routes or locations than that proposed or petitioned for, keeping in view at all times the possible future development of the county and the accommodation of the general traveling public, and shall report in favor of the one they prefer, with the reasons for the preference: * * * If the court decides to undertake the proposed work, the county judge shall appoint a day for hearing the parties interested and cause notice thereof to be given to the proprietors and tenants of the property which would have to be taken or injured, to show cause against the same. Process shall be issued by the clerk of the county court against all interested parties and he will issue a warning order upon proper affidavit against any nonresident and make such orders against persons under disability as provided in the Civil Code of Practice."

The proper construction of the statute is not free from doubt but we conclude that this case does not fall within the provisions of section 17; that section seems to refer only to a change of location with the consent of the owner or owners of the land in which the change is made. As the pike which is proposed to be discontinued, lies between the lands of Mrs. Collins and Mrs. Chenault, this section is not applicable.

Section 12 requires that when any road is altered, the former road shall be discontinued to the extent of the alteration, and the new one established. Section 14 provides that the location of no public road shall be changed without due notice thereof having been given according to the provisions of the act. Section 16 provides that all notices for the alteration of any road shall, unless otherwise provided, be published for at least two consecutive weeks next preceding the filing of the petition for the alteration of the road, at least once in each week in a newspaper of general circulation, if there be such a paper in the county. Section 19 provides that a person desiring the alteration of a public road shall petition the county court of the county in which the road is situated, setting forth in his petition specifically the nature and location of the proposed work, and the court shall thereupon appoint two viewers who together with the county road engineer, shall view the ground and report in writing; and that after the report is filed, if the

court desires to undertake the proposed work, the county judge shall appoint a day for hearing the parties interested, and cause notice to be given to the proprietors and tenants of the property which would have to be taken or injured, to show cause against same, the process to be issued by the clerk of the county court. Reading all the provisions together, we conclude that the public notice in the newspaper must be given to notify the public who use the road in a proceeding under section 19, and that the process which is issued by the clerk goes against the parties who are shown by the viewers' report or otherwise, to be interested in the property affected or to be injured in any way. There are cogent reasons why public notice of an alteration in a public highway like this should be given; for otherwise the traveling public, who may be vitally interested in the highway, would have no notice of the proceeding, and be unable to protect themselves. As the public notice is required as the basis of the proceeding, it is jurisdictional; the court is without power to proceed until the notice is given. It is true that Mrs. Chenault, having learned of the proceeding entered her appearance and filed her exceptions; but other members of the community may be also interested in this change, and until the public notice is given as required by the statute, the court is without power to make an alteration in the road. (Mitchell v. Bond, 11 Bush, 614; Lebanon, &c., Turnpike Co. v. Caney Creek Road, 6 R., 747.)

We, therefore, conclude that the proceeding is invalid. On the return of the case to the circuit court, it will enter an order setting aside the judgment entered in the county court, and remanding the case to the county court, that notice of the proceeding may be given, and further proceedings had as directed in the statute. As the petition has been filed in the county court, the notice may now be given that the applicants will at a given time move the county court to appoint viewers, as provided by the statute, and to proceed to make the alteration in the pike pursuant to the petition.

Judgment reversed.