## Commonwealth v. Winkler.

(Decided June 4, 1915.)

### Appeal from Lee Circuit Court.

Indictment and Information—Breaking Railroad Station—Section 1163 Kentucky Statutes.—An indictment for the offense of forcibly breaking and entering into a railroad depot, car factory, station-house, etc., with intent to steal property, money or anything of value therefrom, must state that the depot or station house is a railroad depot or railroad station house, and an indictment which describes the depot and station house as "the Caration depot and station house" is insufficient.

JAMES GARNETT, Attorney General; O. S. HOGAN, Assistant Attorney General, and T. C. JOHNSON, Commonwealth Attorney, for appellant.

J. F. SUTTON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Jesse Winkler was indicted by the grand jury of Lee County for the offense of forcibly breaking into a railroad depot and station-house with the intent to steal property therefrom. The trial court sustained a demurrer to and dismissed the indictment. The Commonwealth appeals.

Section 1163 Kentucky Statutes, under which the indictment was returned, is as follows:

"1163. Breaking railroad station, car factory or car. Any person who shall forcibly break and enter into any railroad depot, car factory, station-house, railroad car, or express car, with intent to kill or rob any person therein, or to steal property, money, or anything of value therefrom, shall be deemed guilty of felony, and punished by confinement in the penitentiary not less than two nor more than ten years."

The indictment is as follows:

"The Grand Jury of Lee County, in the name and by the authority of the Commonwealth of Kentucky, accuse Jesse Winkler of the crime of breaking into a railroad depot and station-house, committed as follows, to-wit: That said Jesse Winkler on the 10th day of November, 1914, in the county and circuit aforesaid, did unlawfully, wilfully force and feloniously break and enter into the Caration depot and station-house with the felonious intent to steal property goods, wares, merchandise and other things of value therefrom, without the consent and against the will of the Turkey Foot Lumber Company, a corporation who was the owner and in possession of said depot at the time.

"Contrary to the form of the statute in such case made and provided, and against the peace and dignity of the Commonwealth of Kentucky."

It will be observed that Section 1163 Kentucky Statutes, *supra*, makes it an offense for any person to break and enter into any railroad depot, car factory, station-house, railroad car, or express car, with intent to kill or rob any person therein, or to steal property, money, or anything of value therefrom. In order to charge an offense under the statute, it must appear that the depot or station-house is a railroad depot or railroad station-house. The indictment describes the depot and station-house in the following language: "The Caration depot and station-house." Nowhere does it say that the depot is a railroad depot or the station-house is a railroad station-house. The trial court properly held the indictment insufficient.

Judgment affirmed.