## Tarter, et al. v. Wilson, et al.

(Decided February 27, 1925.)

### Appeal from Russell Circuit Court.

1. Judgment—Denial of Sufficiency of Judgment as Evidence, Because of its Invalidity, Held a Collateral Attack on Such Judgment.—An attack upon validity of judgment of county court altering certain roads, copy of which was filed with answer in suit to enjoin obstruction of public highway, constituted a collateral attack, since when judgment is relied upon as evidence of a right, and its insufficiency as such evidence is denied because of its invalidity, the attack upon it is collateral.

2. Judgment—Where County Court's Want of Jurisdiction in Proceeding to Alter Road Not Affirmatively Shown, Jurisdictional

Facts Presumed on Collateral Attack.—A county court is a court of record and has original and exclusive jurisdiction in all matters pertaining to establishment and alteration of roads, and hence its record in proceeding to alter road did not affirmatively show want of jurisdiction, jurisdictional facts will be presumed to have existed on collateral attack raised by demurrer.

PHELPS & ANTLE for appellants.

. W. J. CHUMLEY and O. B. BERTRAM for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Reversing.

Appellees, Wilson and Meece, brought this equitable action against Tarter and wife, seeking to enjoin them from obstructing a roadway or public passway through the lands of defendants to which plaintiffs claimed a prescriptive right to the use.

The answer was a traverse in the first paragraph, and in the second relied upon a judgment of the county court of Russell county authorizing an alteration or change of the road, insofar as it went through defendant's property, and alleged that as thus altered and changed by the judgment of the county court had been opened up and was being maintained for the public use. There was filed with the answer copies of certain orders and proceedings in the county court in the alteration of the road, but none of them disclosed whether proper notice had been given of the county court proceeding for alteration.

To this second paragraph the trial court sustained a demurrer because "the exhibits filed with said answer failing to show that proper and legal notices had been given of the application to the county court by defendants before the change in said passway was authorized," the county court was without jurisdiction to order the change, and its judgment was therefore void.

The court on final submission granted the injunctive relief sought by the plaintiffs, and the defendants prosecute this appeal.

Clearly the attack upon the validity of the county court judgment is a collateral attack, for when a judgment is relied upon as evidence of a right, and its insufficiency as such evidence is denied because of its alleged invalidity, the attack upon it is a collateral attack. Decker v. Tyree, 204 Ky. 302.

It is true that the conclusive presumption of the validity of a judgment of a court of general jurisdiction, upon collateral attack, does not apply to the judgments and proceedings in courts of limited or inferior jurisdiction; but under the statutes of this state the county court is not only a court of record, but is a court having general jurisdiction of certain kinds of proceedings. For instance, it has exclusive jurisdiction to grant ferry privileges; it has exclusive jurisdiction as to the opening and location of county roads, of altering or changing them, and of opening and altering private passways. In fact, it has original and exclusive jurisdiction in all matters pertaining to the establishment, opening and alteration of roads and passways; and the fact that in many instances the right of appeal from its orders and judgments is given does not deprive it of its quality as a court of general and exclusive original jurisdiction of such matters. The case of Decker v. Tyree, above referred to, was one involving the validity of certain orders of the county court affecting a ferry right, and the court in that case, after a review of the authorities on the subject now under investigation, held that the same presumption in favor of its jurisdiction in such matters, in collateral attacks upon its judgments will be indulged, as is done in the case of judgments of superior courts of general jurisdiction; and wound up the discussion by saying:

"The county court is a court of record, and when it is given exclusive jurisdiction of a subject matter, its judgments, as entered on its record, are entitled to the same immunity from collateral attack as are judgments of courts of superior and general jurisdiction."

It follows that as the records of the county court did not affirmatively show the want of jurisdiction, the jurisdictional facts will be presumed to have existed on the collateral attack raised by the demurrer.

No other question is decided, but because of the error in sustaining the demurrer to the second paragraph of the answer, the judgment is reversed with directions to overrule same, and for further proceedings.