## Whitley County, et al. v. Luten Bridge Company.

(Decided May 1, 1925.)

Appeal from Whitley Circuit Court.

1. Counties—Section Authorizing Raising of Funds for Roads Permits Use for Bridges.—Counties may, under Ky. Stats., section 4307, use proceeds of bond issue, voted under its provisions and provisions of Constitution, section 157a, for purpose of building bridges, notwithstanding provision of section 4307 that all money so raised shall be used solely for building or reconstruction of roads of asphaltum, concrete, etc.

2. Counties—Road Funds May be Used for Bridge, though Connecting Road Not Constructed.—Fact that fiscal court intends only to build bridge, with necessary approaches, and not to construct road leading to proposed bridge, does not prevent use of funds raised by bond issue authorized by Ky. Stats., section 4307.

3. Highways—Advertisement of Alteration in Bridge Approach Unnecessary where Owners Affected Consent in Writing.—That alteration of one of approaches of proposed bridge was not advertised as required by Ky. Stats., section 4304, is immaterial, in view of section 4299, where written consent of owners affected is obtained.

R. C. BROWNING, County Attorney, for appellants.

HENRY C. GILLIS for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Pursuant to section 157a of the Constitution, which authorizes any county to incur an indebtedness not exceeding the amount therein prescribed for public road purposes, provided the incurring of the same is submitted to the voters of the county for adoption or rejection, Whitley county did at the November election, 1923, submit to its voters the following question:

"Are you in favor of issuing $150,000.00 in bonds for the purpose of building and repairing roads and bridges on the east and west side of the Louisville and Nashville Railroad in Whitley county, Kentucky?"

This question is substantially in the form prescribed by section 4307 of the Kentucky Statutes. The necessary majority having answered this question in the affirmative, Whitley county issued and sold $125,000.00

of bonds out of the issue authorized. There is a road in Whitley county running from Williamsburg in that county to Barbourville in Knox county, crossing the Cumberland river in Whitley county at Tye's ferry. This road has not been designated as one of the state projects. It is a dirt road and the point where it crosses Cumberland river at Tye's ferry is some nineteen miles away from any made road. It is highly probable that if the state ever builds a state road from Williamsburg to Barbourville it will have to follow this dirt road, but that it is a matter which may or may not eventuate in the future. It is proposed to use some $30,000.00 of bond money thus raised to build a concrete bridge on this road over the Cumberland river at Tye's ferry and in connection therewith to build approaches to the bridge of possibly 100 yards or so on either side out of macadam. Beyond this, it is not proposed to rebuild or reconstruct or improve this dirt road at all, or at least in the near vicinity of this bridge, and the question in this case is whether or not the county may use the proceeds of the bond issue above mentioned for this purpose. It is insisted that the county may not because of section 4307 of the statutes above mentioned. That section, after setting out that the fiscal court shall have power to issue bonds for reconstructing "public roads and bridges" and prescribing the manner in which the vote on whether or not the bonds shall be issued, shall be taken and the manner of the issuing of the bonds and how the question shall be submitted to the voters, concludes thus:

> "Provided, however, that all the money raised by the sale of bonds shall be used solely and alone for the building, construction or reconstruction of roads of asphaltum, concrete, brick, stone block, macadam, gravel or other processes of equal merit."

It is insisted that this section requires the proceeds of the bond issue to be used solely for roads and may not be used to build a bridge. This section was before the court in the case of Denton v. Pulaski County, 170 Ky. 33, 185 S. W. 481. In that case the question before the court concerned the validity of a bond issue for roads where the question submitted to the voters was in this form:

> "Are you in favor of issuing $300,000 in bonds for the purpose of building roads?"

Section 4307, Kentucky Statutes, directs that the question shall be submitted in this fashion:

"Are you in favor of issuing . . . bonds for the purpose of building roads and bridges?"

It was insisted in the Denton case that, as the ballots did not conform to the statute, the question was not submitted in the proper form, and for that reason the election was invalid. In answering this contention, this court said:

"Section 157a of the Constitution authorizes the pledging of the credit of the Commonwealth to any county 'for public road purposes,' and further provides that any county may be permitted to incur an indebtedness not in excess of five per centum of the value of the taxable property therein 'for public road purposes in said county.' A bridge is nothing more than that part of a road which crosses a stream, and the power to issue bonds for public road purposes necessarily carries with it the power to build bridges, which are a part of the road. Hence the statute is a correct legislative interpretation of the power conferred by the Constitution, and its only effect is to make that power more specific. Since a vote for bonds for building roads is, in effect, a vote for bonds for building bridges, it is clear, we think, that the form in which the question was printed was not misleading, and affords no reasonable ground for holding the election invalid."

See also Crick v. Rash, 190 Ky. 820, 229 S. W. 63.

A bridge, then, being nothing more than that part of a road which crosses a stream, it seems clear that counties have a right under section 4307, Kentucky Statutes, to use the proceeds of a bond issue voted under its provisions for the purpose of building bridges. It will be observed that the statute does not require any particular length of road to be built or any particular location for the building of said road. It would not be contended but that the fiscal court could have used this bond money for the purpose of building a raised road, with the necessary culverts, over or through some swampy part of the county through which this road passes. A road does not cease to be a road when it crosses a stream, and the bridge which carries the traveler across such stream is as much a road as the causeway which carries him over a

low, swampy place. It is more a difference of degree than of kind. Had this river been a small sized brook and the fiscal court determined to build an embankment across it, with a roadway on top and a culvert underneath, to let the water through, no one could complain that section 4307, *supra,* was being violated. That the character of the stream prevents an embankment and requires an open span does not change the legal principle involved. Since the fiscal court is not required to build any particular length of road, the fact that it only intends to build a bridge, with the necessary approaches, does not take it without the authorization of the statute above mentioned. Therefore, under the authority of the Denton county case and for the reasons herein set out, we hold that Whitley county has a right to build the proposed bridge out of the proceeds of this bond issue.

There is a minor question involved in this case concerning a slight alteration of one of the approaches to this bridge. It seems as though the alteration was not advertised as required by section 4304 of the Kentucky Statutes, which advertisement was held to be jurisdictional to a judgment of alteration in the case of Gratzer v. Gertisen, 181 Ky. 626, 205 S. W. 782. But this case further pointed out that section 4304 is not exclusive, and that the road may be altered by virtue of section 4299, which provides for a change of alteration upon the written consent of the owners affected. This seems to have been the case here despite the lack of the prescribed advertising. We, therefore, conclude that the judgment of the lower court, which is in accordance with the views herein expressed, is correct and it is affirmed.

Whole court sitting, Chief Justice Settle dissenting.