# Stephens et al. v. Hubbard.

(Decided April 29, 1930.)

COMBS & COMBS for appellants.

MAY & ALLEN for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

For a great many years there was an old road leading up Spurlock creek in Floyd county. In the year 1924 certain citizens and landowners of Floyd county filed in the county court a petition to open a new road only a short distance away. Orders were entered directing the construction of the new road and accepting the road after its completion, and it was further provided in the order and acceptance "that the old road is hereby abandoned by the county." Notwithstanding the order of abandonment, the use of the old road was continued for some two or three years when it was obstructed by Malcolm Hubbard. Thereupon William Stephens and others, who owned lands adjoining the old road, brought this action against Hubbard to enjoin the obstruction. The basis of the action was that they and those through whom they claimed, together with the traveling public, had continually used the old road for 50 years, that its use was necessary for the marketing of their products, and to enable them to attend schools and churches, and to go to and from the county seat. By way of defense Hubbard

pleaded the proceedings in the Floyd county court establishing the new road and abandoning the old road and alleged that plaintiffs not only signed the petition but were summoned to appear at the following term of the court and show cause why the report of the commissioners establishing a new road should not be aproved. By another paragraph there was a plea of estoppel based on the claim that plaintiffs assisted in the construction of the new road, had full knowledge of the proposed change, and of the abandonment of the old road, and stood by while defendant in good faith and at great expense constructed fences alongside and over the old road. Though of the opinion that the proceeding abandoning the old road was void for want of notice, the chancellor denied relief on the ground that the plaintiff proceeded on the theory that the old road was a private passway, when as a matter of fact it was a public road, and that their remedy if any was by a proceeding in the county court to have the old road opened. From that judgment this appeal is prosecuted.

It is provided that no public road shall be established or discontinued, or the alteration thereof changed, without due notice thereof having been given. Section 4298, Kentucky Statutes. By section 4304, Kentucky Statutes, it is provided that all notices and advertisements for the establishment, alteration, or discontinuance of any road shall be published before a hearing of the petition at least once in each week in a newspaper of general circulation, or if there be no newspaper published in the county, then by hand bills posted for fifteen days, one at the courthouse door and one at five or more other public places in the vicinity affected. The required notice is jurisdictional. Gratzer v. Gertisen, 181 Ky. 626, 205 S. W. 782. In discussing the question in Chenault v. Collins, 155 Ky. 312, 159 S. W. 834, 836, we said:

"There are cogent reasons why public notice of an alteration in a public highway like this should be given; for otherwise the traveling public, who may be vitally interested in the highway, would have no notice of the proceeding, and be unable to protect themselves. As the public notice is required as the basis of the proceeding, it is jurisdictional. The court is without power to proceed until the notice is given. It is true that Mrs. Chenault, having learned of the proceeding, entered her appearance and filed

her exceptions; but other members of the community may be also interested in this change, and until the public notice is given, as required by the statute, the court is without power to make an alteration in the road. Mitchell v. Bond, 11 Bush, 614; Lebanon, etc., Turnpike Co. v. Caney Creek Road, 6 Ky. Law Rep. 747.''

Whatever may be the presumption as to the regularity of the proceeding in the county court for the establishment of the new road and the discontinuance of the old road, it is clear from the evidence that there was published in the county a newspaper of general circulation, and that the required notice was never published in that paper. That being true, the order abandoning the old road was void, and did not affect its status as a public road. Chenault v. Collins, supra. Though appellants might have proceeded to have the old road opened, that was not their only remedy. In addition to being citizens of the county and a part of the traveling public, their farms abut on, and their residences face, the old road, and in order to reach the new road they have to travel by routes that are not only longer and circuitous, but rough and precipitous, and travel thereon is much more difficult and inconvenient. Owing to the unauthorized act of appellee in obstructing the old road, appellants have sustained a special injury differing not only in degree but in kind from that suffered by the community at large, and there can be no doubt of their right to enjoin the obstruction, Husband et al. v. Cotton, 171 Ky. 177, 188 S. W. 380, L. R. A. 1917A, 1150, unless the plea of estoppel be available.

The estoppel is predicated on the ground that appellants not only signed the petition, but worked on the new road and stood by while appellee incurred great expense in fencing the old road. The evidence does not support the claim that appellee incurred any expense in the construction of new fencing along the old road, so that feature may be eliminated. Some of appellants did not sign the petition in the county court or work on the new road. Moreover, the petition was to open a new road and not to alter or discontinue the old road, and we perceive no reason why even those who signed the petition or worked on the new road are estopped from attacking the validity of the proceeding by which the old road was abandoned.

It follows that the relief prayed should have been granted.

Judgment reversed, and cause remanded with directions to enter judgment in conformity with this opinion.