## Illinois Central Railroad Company et al. v. Ward.

## (Two Cases)

(Decided February 17, 1931.)

TRABUE, DOOLAN, HELM & HELM and BENNETT, ROBBINS & SMITH for appellants.

GARDNER & McDONALD for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Thomas T. Ward and his wife own adjacent tracts of land, used together as a single farm, and containing in the aggregate 57 acres. Each instituted an action against the Illinois Central Railroad Company and the Chicago, St. Louis & New Orleans Railroad Company, to recover damages for injuries to their respective properties. It was alleged in each petition that the defendants had wrongfully, completely, and permanently obstructed and stopped up a portion of the public road that served as a way to and from the land, and had thereby destroyed the only means of ingress and egress to and from the property, and had thereby compelled them to travel a great distance in the opposite direction, over a circuitous route, whenever it was necessary to travel to the west, north, and south of their residence located on the farm. The cases were tried together, resulting in verdicts for Thomas T. Ward and Margaret Ward in the sums of $800 and $400 respectively. The railroad companies have prosecuted an appeal from the larger judgment and have entered a motion for an appeal from the lesser one.

It is insisted (1) that the petitions fail to state causes of action; (2) that an ex parte order appearing on the order book of the county court authorized the defend-

ants to close or to obstruct the road for which appellees had no remedy; and (3) that the appellees were estopped from maintaining the actions by virtue of a deed executed and delivered by them to the appellants.

1. The appellants argue that the law of Kentucky affords no remedy to an abutting owner for an injury to his land caused by an obstruction or even the destruction of a public road. It is well settled, however, that the closing or unreasonable obstruction of a highway, street, or alley is a taking of private property within the meaning of sections 13 and 242 of the Constitution, and is forbidden except when necessary for a public use, and allowed then only upon rendering of just compensation. Henderson v. City of Lexington, 132 Ky. 390, 111 S. W. 318, 33 Ky. Law Rep. 703, 22 L. R. A. (N. S.) 20; Gargan v. L. N. A. & C. R. R. Co., 89 Ky. 212, 12 S. W. 259, 11 Ky. Law Rep. 489, 6 L. R. A. 340. And a property owner who is peculiarly and especially affected by reason of the obstruction of a public road or street may maintain an action independently of the remedy on behalf of the public at large, for the abatement of the obstruction, or for damages to adjacent property resulting therefrom. Layman v. Beeler, 113 Ky. 221, 67 S. W. 995, 24 Ky. Law Rep.174; Bourbon Stock Yard Co. v. Wooley, 76 S. W. 28, 25 Ky. Law Rep. 477; Salmon v. Martin, 156 Ky. 309, 160 S. W. 1058; Yates v. Big Sandy Ry. Co., 89 S. W. 108, 28 Ky. Law Rep. 206; Husband v. Cotton, 171 Ky. 177, 188 S. W. 380, L. R. A. 1917A, 1150; Solar Coal Co. v. Hoskins, 220 Ky. 693, 295 S. W. 989.

The fact that some other means of access to the property may be available affects merely the amount and not the right to the recovery of damages. Golden v. Louisville & N. R. Co., 228 Ky. 134, 14 S. W. (2d) 379; Lexington & E. Ry. Co. v. Hargis, 180 Ky. 636, 203 S. W. 525.

The appellants rely upon Bradbury v. Walton, 94 Ky. 167, 21 S. W. 869, 14 Ky. Law Rep. 823; Chenault v. Collins, 155 Ky. 312, 159 S. W. 834; and Beatty v. Louisville & N. R. Co., 176 Ky. 100, 195 S. W. 487, in support of the argument that an abutting owner in no event has any right of property in the continued maintenance of a public road. The language employed in the opinions in those cases must be understood in the light of the questions actually presented. In Bradbury v. Walton, supra, a lateral public road had been regularly closed

pursuant to statute, by an appropriate proceeding in the county court. Bradbury, by an action in the circuit court, attacked the validity of the proceeding on the ground that the statute vesting jurisdiction in the county courts to discontinue public roads was unconstitutional. The court decided that the statute was constitutional and that Bradbury, who was a party to the proceedings in the county court, was bound thereby. Cf. Walter v. Syck, 146 Ky. 181, 142 S. W. 229.

In Chenault v. Collins, supra, a proceeding was pending upon petition in the county court to bring about a change in the location of a turnpike. Mrs. Chenault filed exceptions by which she challenged the power of the county court to change the road without compensation to her for injury to her land, and pointed out some fatal irregularities in the preliminary proceedings. The court, considering the case upon an appeal, sustained the latter contention, and reversed the judgment, but upheld the power of the county court conferred by statute to decide whether or not the turnpike should be vacated in part and its location changed. Cole v. Shannon, 1 J. J. Marsh, 218; Elizabethtown L. & B. S. R. R. Co. v. Jackson, 9 Ky. Law Rep. 242. The case of Beatty v. Louisville & N. R. R. Co., supra, concerned a suit against the railroad to recover damages for removing its depot from a former location. The references in the opinion in that case to the public road cases were made arguendo and decided nothing respecting the obstruction of highways. The cases here presented were predicated upon a wrongful obstruction of the public road, and did not proceed upon the theory that a road had been closed or changed by a proper proceeding for that purpose.

In view of the authorities cited, it is palpable that the petitions in these cases were not subject to demurrer.

2. The appellants pleaded that they had applied to the Hickman county court and entered a motion to have a small portion of the road in question changed in accordance with a map and blueprint filed in the county court, which motion was sustained and the change ordered. The order was set forth in full, and showed upon its face that it was an ex parte order without notice to any one. It was not and did not purport to be a judgment rendered in pending proceedings authorized by or conforming to the statutes regulating the opening, closing, alteration, or location of public roads. Cf. Sections 4298, 4300, 4301, and 4302, Kentucky Statutes.

Appellants contend that the order was authorized by section 4299, Ky. Statutes, which reads:

"With the consent of the owner or owners of the land in which a change of location is proposed to be made, given in writing, setting forth the exact changes proposed, which must be entered in the form of an agreed order of the county court and subject to the approval of the county judge, the county road engineer may change any public road in his county; Provided, such change does not materially increase the length or grade or require more work to keep the road in repair, or place the same on worse ground than it was before such change, or render the said road in any respects worse than it was before the change. Any county road engineer who shall make such change otherwise than prescribed in this chapter shall be guilty of a misdemeanor, and on conviction thereof shall be fined not less than twenty-five dollars ($25.00); and in case the county road engineer shall make such change in violation of the provisions of this section, the part of the road thus altered shall not be established as a public road, and the former location shall be continued as such."

It will be observed that the statute authorizes the county road engineer to change any public road in his county when certain conditions are fulfilled and with an important proviso that any change in violation of the provisions shall not affect the status of the old road.

The written consent of the owner or owners of the land in which a change is proposed, setting forth the exact changes contemplated, must be obtained and then entered in the form of an agreed order of the county court, and the agreement is subject to the approval of the county judge. The effectiveness and validity of the order, even for its limited purpose, is made to depend upon several conditions, and obviously affects no one not a party to it. 34 C. J. p. 525, sec. 831; 15 R. C. L. 314, p. 840.

The statute was referred to in the case of Gratzer v. Gertisen, 181 Ky. 626, 205 S. W. 782, 785, as providing "a quick way of changing the location of a road with the consent of the landowners affected thereby," but the proceeding in that case was based on sections 4298, 4301 and 4302, Ky. Stats. In Chenault v. Collins, 155

Ky. 312, 159 S. W. 834, section 4299 was held inapplicable to a proceeding to discontinue a road lying between the lands of Mrs. Collins and Mrs. Chenault. The provision was mentioned casually in the case of Whitley County v. Luten Bridge Co., 208 Ky. 625, 271 S. W. 676, but no construction of the statute has been necessary in any case heretofore presented. It is apparent that neither the statute nor the order affords any authority for the obstruction of the public highway of which complaint is made in these cases. Neither of the appellees consented in writing or otherwise to the alleged agreement or its entry on the order book. The order itself is not within the purview of the statute, or a compliance with its conditions. It does not appear that the county road engineer ever did anything under it. It is argued that the writing is an order of the county court, and immune from collateral attack; but plainly that question is not presented. The statute was not observed, and the agreement, if any was made, was not a judgment of the county court, by which the appellees were affected. 34 C. J. p. 528, sec. 34; Bass v. Katterjohn, 194 Ky. 284, 239 S. W. 53; Wallace, Jr., v. Lackey, 173 Ky. 140, 190 S. W. 709. It conferred no authority upon appellants to obstruct or destroy the public road appurtenant to the farms of appellees, and which afforded access thereto. Obviously such an order, made at the instance of appellants, and solely for them, provided no defense to these actions by the appellees for incidental injury to their land by the wrongful obstruction of a public road.

In view of these facts, it is not appropriate in this case to determine or to discuss the rules respecting collateral attack upon judgments rendered by county courts in road cases, regularly pending, about which a conflict has arisen in our decisions. Cf. Potter v. Matney, 165 Ky. 269, 176 S. W. 987, and Tarter v. Wilson, 207 Ky. 535, 269 S. W. 715.

3. The estoppel relied upon by appellants is based upon a deed by which appellees conveyed to the railroad companies a small boundary of land to be used for "re location of the public highway." The consideration paid was for the land conveyed for the purpose stated, and did not affect any right of the appellees to recover damages for an injury subsequently suffered by them. Appellees did not sue the appellants because of a relocation of the public road upon the ground acquired from them for that purpose, but for a destruction of the public

484

road which afforded ingress and egress to and from their farm. The argument that appellees are thus precluded from recovery in these cases is unsound. No element of estoppel is shown. A deed is never construed to operate by way of estoppel beyond the clear meaning of the words used. Newell v. Burnside Banking Co. (Ky.) 118 S. W. 267. Nothing was claimed by the appellees in derogation of their deed (Simmons v. Simmons, 150 Ky. 88, 150 S. W. 59), and the transaction contained none of the essential elements of an equitable estoppel. In order to constitute an estoppel, action must have been induced that would result in prejudice to the actor if the person inducing the action should be permitted to change his position, or to pursue an inconsistent course of conduct. Trimble v. King, 131 Ky. 1, 114 S. W. 317, 22 L. R. A. (N. S.) 880; Fitzpatrick v. Baker, 155 Ky. 175, 159 S. W. 675; Advance Thresher Co. v. Fishback, 157 Ky. 427, 163 S. W. 228; Pemberton v. Price & Temple Piano Co., 144 Ky. 523, 139 S. W. 742; Cornelius v. Kinnard, 157 Ky. 50, 162 S. W. 524; New Domain Oil & Gas Co. v. Gaffney Oil Co., 134 Ky. 792, 121 S. W. 699; Stafford v. Pinson, 142 Ky. 435, 134 S. W. 909; Acme Mills & Elevator Co. v. Johnson, 141 Ky. 718, 133 S. W. 784; Guilfoyle's Ex'r v. City of Maysville, 129 Ky. 532, 112 S. W. 666; Dennis Long & Co. v. City of Louisville, 98 Ky. 67, 32 S. W. 271, 17 Ky. Law Rep. 642.

The motion for an appeal in the Margaret Ward case is denied. The judgment in each case is affirmed.