### Jones et al. v. Rudd et al.

(Decided March 27, 1936.)

PRINCE & COX for appellants.

H. B. HOLLAND for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER —Affirming.

Appellants in a petition in equity filed in May, 1933, made parties defendant the appellees, Rudd, a land-owner in Marshall county, and Lindsey, the county road engineer at the time mentioned. The appellants are also landowners of the same county.

Prior to December, 1932, a public highway leading from Old Wadesboro to Brewers Mill ran through the land of Jones for some distance, then entering and running diagonally across the land of Rudd for a distance of 219 feet, 30 feet in width. This road did not run over or across the lands of appellant Parker at any point. The road intersected a federal highway, known as the Aurora and Mayfield State Road, at a point 165 feet distant from the point where it taps the same highway since the change of location, later referred to, across Rudd's land.

In December, 1932, Lindsey filed a petition in the county court in accordance with section 4299, Kentucky Statutes, asking for a change of so much of the old road as traversed Rudd's land. Upon observation it appears that the petition complied fully with the terms and conditions of the statute supra, carrying with it the written consent of Rudd, the owner of the land involved in the change. The court ordered and directed the change to be and it was made.

The result of the change, as indicated above, was to bring the old road to the intersection with the state highway, running along the extreme upper edge of Rudd's land instead of diagonally across same. It also caused the new road to abut on the Parker lands for 150 feet (the length of the newly opened roadway), whereas prior thereto it did not touch any portion of that land. It, of course changed the points of intersec-

tion with the state highway with relation to the lands of Jones and Parker.

After the new roadway was opened across the land of Rudd, the appellees built fences across the old highway, whereby travel was forced to use the new roadway in coming into or going from the state highway. There is no complaint of any substantial inconvenience to the owners of the Jones or Parker lands, or to the public generally, and viewing the situation from an admittedly correct plat, we can see where there would be little ground for such complaint.

However, appellants by appropriate proceedings sought to enjoin the appellees from further obstructing, and from carrying out a threat to tear up and destroy the old road. The appellees answered, admitting the allegations of the petition in the main, but relied upon the order of court, entered, as they say, in full conformity to section 4299, Ky. Stats. No proof was taken, but upon the trial of the case it was stipulated: (1) That the drawing filed fairly represented the lay, location, and position of the lands of Jones, Parker, and Rudd, and of the old and new roadways; (2) that none of the parties plaintiff in the proceeding had been served with process, nor was notice given of the proposed alteration; (3) that the records of the county court with reference to the proposed change were the complete records of the court having to do with the alteration; (4) that the new roadway is 21 feet wide, except at one point "where defendant's barn is located, it is only 18 feet wide"; (5) that the new roadway crosses only the land of Rudd, and that the lands of Jones and Parker are only affected by the manner indicated on the map; and (6) that the defendants had effectually, by means of fences, stopped travel over the old roadway. The cause was submitted on the pleadings, exhibits, and stipulations, and the court, after consideration thereof, and personally viewing the situation, denied the injunction sought and dismissed the petition.

This appeal involves the construction and application of section 4299, Ky. Stats., it being strenuously insisted by appellant that said section must be construed with section 4298, which requires notice, and other sections which require the service of process in all cases where it is proposed to open a new or discon-

tinue or abandon an old road. In other words, appellant contends that notwithstanding the alteration here was with the consent of the owner, and in other respects conformed to the statute in question, there should have been public notice of the change proposed, and process at least directed to appellants.

Appellants cite a number of cases in which this court has held that process and notice are both necessary; that notice is jurisdictional, but in all the cases cited it appears that the procedure therein was of such nature as by specific statutes notice was required, likewise process and reports of viewers. However, here the procedure was under and by virtue of section 4299, and as far as the record shows, it was in full accord with the section, including the final order of the court.

The object of the statutes requiring notice, process, and reports of viewers is stated very definitely in Rochester v. Sledge, 82 Ky. 344, 345. In Gratzer v. Gertisen, 181 Ky. 626, 205 S. W. 782, 785, this court reviewed the statutes relating to the alteration, opening, and closing of public roadways, and in commenting on the section here in question, said:

> "It is easily apparent, however, from a reading of that and other sections of the statute, that subsection 13 [of the act] merely provides a quick way of changing the location of a road with the consent of the land owners."

The purpose and effect of the statute was also recognized in Illinois Cent. R. Co. v. Ward, 237 Ky. 478, 35 S. W. (2d) 863. In that case the action of the appellant in making a change of a roadway on its own land was condemned, not because of lack of notice, but because of a failure to observe and follow the provisions of section 4399, Ky. Stats. In the case of Whitley County v. Luten Bridge Co., 208, Ky. 625, 271 S. W. 676, 677, while the question involved was treated as a minor question, it was none the less decided. The court said:

> "There is a minor question involved in this case, concerning a slight alteration of one of the approaches to this bridge. It seems as though the alteration was not advertised as required by section 4304 of the Kentucky Statutes, which advertisement was held to be jurisdictonal to a judgment of alteration in the the case of Gratzer v. Gertisen, 181 Ky. 626, 205 S. W. 782. But this case further

pointed out that section 4304 is not exclusive, and that a road may be altered by virtue of section 4299, which provides for a change of alteration upon the written consent of the owners affected. This seems to have been the case here, despite the lack of the prescribed advertising.''

The complaint that the newly opened roadway is only 21 feet wide in the main and 18 feet wide at one point is a matter that may, if the situation interferes with public travel, be remedied by the county road engineer. It is noted that in the written dedication by Rudd, he granted a strip of land 32 feet in width for its entire distance, and the court's order accepts the dedication and directs that the right of way be 32 feet wide.

We are of the opinion that since the record clearly shows that the county court, engineer and party really affected followed the provisions of section 4299, Ky. Stats. in seeking and directing the change of roadway, the circuit court correctly dissolved the temporary order, denied the injunction, and dismissed the petition.

Judgment affirmed.