**T. T. BURCHELL, Appellant,**

**v.**

**Samuel HAMMONS et al., Appellees.**

Court of Appeals of Kentucky.

March 9, 1956.

Rehearing Denied May 18, 1956.

As Modified June 20, 1956.

F. P. Stivers, Manchester, for appellant.

Boyd F. Taylor, Jr., London, for appellees.

CULLEN, Commissioner.

This is an appeal from a judgment dismissing the complaint of the plaintiff-appellant, T. T. Burchell. He instituted the action to quiet his title to lands held by the appellees, and to collect damages allegedly sustained because of their interference with his possession of the lands.

Burchell alleged that he had title to the land by virtue of a 1942 deed from the Master Commissioner, which was executed pursuant to the judgment in an action brought by the Commonwealth to establish and foreclose an ad valorem tax lien. The appellees urged, as a defense to the action, that the owner of the land at the time the judgment was obtained was not served with process, and therefore the judgment and the deed issued pursuant thereto were void. Proof was submitted by depositions and the trial court entered judgment dismissing Burchell's petition.

On this appeal Burchell contends that the trial court erred in its holding that the judgment on which the commissioner's deed was based was void because it was obtained without service of process on the defendants in that action.

James Langdon, Clerk of the Clay Circuit Court, testified that the court's file in the Commonwealth's action contained a notation that summons was issued, but contained no return of the summons, and the docket book recorded no such return. On cross-examination, he read a portion of the judgment which recited that the defendants had been summoned and failed to answer. However, no showing was made that the summons was served. Richard Hammons, who was one of the defendants in the Commonwealth's action, testified that he was never served with a summons in that action, and that his father, who was the other defendant in that action (and from whom he previously had acquired title), was dead when the action was commenced.

■ It is an invincible presumption of the law that a judicial tribunal, acting within its jurisdiction, has acted impartially and honestly, and the integrity and value of the judicial system as an institution for the administration of public and private justice rest largely upon this principle. From this principle has evolved the rule in this jurisdiction, and in the majority of other jurisdictions, that a presumption lies in favor of the regularity of the proceedings of any court of general jurisdiction.

■ This court in its past decisions, and courts in other jurisdictions, in an apparent effort to maintain the proper efficacy of judicial records, have developed the rule that extrinsic evidence is not admissible in a collateral attack upon a judgment to show that it is void. However, in a direct attack evidence of this type is admissible. Davis v. Tuggle's Adm'r, 297 Ky. 376, 178 S.W.2d 979; Logsdon v. Logsdon, 204 Ky. 104, 263 S.W. 728; Tarter v. Wilson, 207 Ky. 535, 269 S.W. 715; Ramsey's Ex'r v. Ramsey, 233 Ky. 507, 26 S.W.2d 37.

The attack on the judgment here clearly is a collateral attack.

■ The extent to which presumptions in favor of the validity of the judgment will be indulged upon collateral attack is very important. Some statements on this subject are:

" * * * in a collateral attack on a judgment, every presumption will be indulged to support it at least if it be an ancient judgment, and that the record must affirmatively establish a want of process or the proper service thereof before the courts will on such an attack hold the judgment void." Ramsey's Ex'r v. Ramsey, 233 Ky. 507, 26 S.W.2d 37, 41.

" * * * It is also the rule that such a judgment cannot be attacked outside the record, though the record does not on its face show the jurisdictional facts. * * *" Mussman v. Pepples, 232 Ky. 254, 22 S.W.2d 605, 606.

"The absence of the original summons is not of controlling importance in this case. It would be evidentiary and conclusive unless there was on it an affirmative showing of no service upon the party or unless destroyed by a direct attack. In its absence we have the conclusive presumption of proper service." Davis v. Tuggle's Adm'r, 297 Ky. 376, 178 S.W.2d 979, 981.

See also Anderson's Committee v. Andersoi's Adm'r, 161 Ky. 18, 170 S.W. 213, L.R.A.1915C, 581; Warfield Natural Gas Co. v. Ward, 286 Ky. 73, 149 S.W.2d 705.

■ Judgments are further protected upon collateral attack by the recitals contained in them, such as a recital that proper service of summons has been made. Such recitals import verity upon collateral attack. Newhall v. Mahan, 245 Ky. 626, 54 S.W.2d 26.

This doctrine of conclusiveness of record on a collateral attack seems to have originated in the days of Coke.

"The rolls," said Lord Coke, "being the records or memorials of the judges of the courts of record, import in them such uncontrollable credit and verity, as they admit no averment, plea, or proof to the contrary * * * and the reason thereof is apparent; for otherwise there should never be any end of controversies, which should inconvenient * * * During the term wherein any judicial act is done, the record remaineth in the breast of the judges of the court, and in their remembrance, and therefore the role is alterable during that term, as the judges shall direct. But when the term is passed, then the record is in the roll, and admitteth no alteration, averment or proof to the contrary." Coke Lit., p. 260. See also 2 Bl.Com. 407.

The policy behind this rule seems to be to protect the courts and the validity of their judgments and to secure property rights acquired in good faith and based

thereon, against the loss of papers or the disappearance of records which often happens over a long period of time. No doubt many judgments really void are protected by these presumptions after the lapse of a number of years.

This Court cannot be said to be in full sympathy with this rule at the present time in view of an apparent violation of natural justice involved in condemning a party who has had no opportunity to present his defense, or stronger yet, no knowledge that his rights were in jeopardy. It is quite apparent to our minds that in following such a rule injustices will be done. The reasoning behind the rule is further weakened in the light of the holdings, in regard to judgments of sister states, that the question of jurisdiction may be inquired into, and a want of jurisdiction over the person shown by evidence, and that this may be done even if it involves the contradiction of a recital in the judgment record. Freeman on Judgments, Vol. 1, Sec. 375–a; Vol. 3, Secs. 1366, 1371, 1436; 50 C.J.S., Judgments, § 893, p. 502 et seq.; Hamm v. Hamm, 30 Tenn.App. 122, 204 S.W.2d 113, 175 A.L.R. 523, footnote 4, at page 536.

In the Restatement of the Law of Judgments, Sec. 12, p. 69, it is stated that extrinsic evidence is admissible in a collateral attack upon a judgment to show that it is void.

■ We do not consider it necessary in this case to decide whether the rule of the Restatement should be adopted. Assuming, without deciding, that the rule should be that extrinsic evidence is admissible in a collateral attack to show that a judgment is void, we feel that such evidence to overcome the presumption of verity of the record must be of a clear and convincing nature.

■ The appellees having defended their title upon the ground that the prior judgment was void, must stand on the quality of their proof. Their proof consisted solely of the testimony of Richard Hammons, the defendant in the prior suit, that he was never served with process and

that he never appeared before the court. It is our opinion that this bare statement does not constitute clear and convincing proof sufficient to overcome the presumption of validity of this judgment which has remained unquestioned for more than ten years.

 The appellees contend that to uphold the judgment in the prior suit will result in depriving the appellees of their property without due process of law, in violation of the Fourteenth Amendment of the Constitution of the United States. This contention has been considered and we find it to be without merit.

The judgment is reversed, for proceedings in conformity with this opinion.