Earl E. PEERS, Appellant,

v.

Edgar B. COX et al., Appellees.

Court of Appeals of Kentucky.

Dec. 8, 1961.

Rehearing Denied May 25, 1962.

Cecil C. Wilson, Louie B. Nunn, Glasgow, for appellant.

George J. Ellis, Jr., Shelley T. Riherd, County Atty. Barren County, Glasgow, for appellees.

CLAY, Commissioner.

This action was brought in the circuit court by appellant to have declared void a judgment of the Barren County Court discontinuing a portion of a county road, and to obtain an injunction requiring appellee Cox to remove obstructions. The trial court dismissed the claim on the ground the county court judgment was valid on its face and could not be collaterally attacked.

While this proceeding is in the nature of a direct attack upon the county court judgment, since it was brought in a different court we will treat it as a collateral attack. Appellant alleged and sought to prove the judgment void.

At the outset we are met with a question concerning the extent to which such a county court judgment is immune from collateral attack. This in turn involves the nature of the presumption of validity, about which there is some confusion in our cases. See Potter v. Matney, 165 Ky. 266, 176 S.W. 987; Tarter v. Wilson, 207 Ky. 535, 269 S.W. 715; and Illinois Cent. R. Co. v. Ward, 237 Ky. 478, 35 S.W.2d 863. Without attempting to resolve the apparent conflict between the first two cases cited, we will assume the judgment is immune from collateral attack unless the county court record shows want of jurisdiction. We find that it does.

The original proceeding was initiated by appellee Cox by filing in the county court a petition authorized by KRS 178.070. This authorizes a discontinuance (or closing) of "any county road". KRS 178.050(1) provides that no county road shall be discontinued unless due notice thereof has been given as prescribed in Chapter 178. Subsection (2) of this statute provides for publication in a newspaper at least once a week for two consecutive weeks "next preceding" the hearing. Subsection (3) of this statute provides that the county road engineer shall file an affidavit with the clerk showing the method used in advertising. KRS 178.070 provides that the county road engineer, with two appointed viewers, shall report in writing at the hearing concerning what inconvenience would result from the discontinuance.

Since this is not an adversary proceeding, the county court acquires jurisdiction to discontinue a county road only when the steps prescribed by the statute are taken. Whether or not strict or substantial compliance is necessary, we do not need to decide. The county court record of this proceeding shows a substantial noncompliance with the provisions of the statutes to which we have referred above.

The petition itself requests the closing of a portion of a county road, which consists of a section adjacent to appellee Cox's property extending to the *center line* of the road. The statute does not give the

county court jurisdiction to close such portion of a road. While authority may exist to close a section of a county road, the statute contemplates that the entire roadway be discontinued from a beginning to a terminal point. The petition and the judgment on their face show a procedure and an adjudication unauthorized by statute.

Further the county court record affirmatively shows that the county road engineer did not execute the necessary report required by KRS 178.070. In addition, that record contains no evidence that proper notice was given as required by KRS 178.050(2), or that the county road engineer filed his affidavit as required by KRS 178.050(3). With respect to the omissions in the county court record, after a long lapse of time it might be proper to presume that the required steps had been taken. See Burchell v. Hammons, Ky., 289 S.W.2d 737. However, in this particular proceeding there was positive and uncontroverted proof that such required procedural steps were not taken.

We are of the opinion the proof taken in this case simply confirmed the lack of jurisdiction in the county court, shown by its records, to enter what is on its face an unauthorized judgment. It is therefore void and the appellant should have been granted the relief for which he prayed.

The judgment is reversed for consistent proceedings.