COMMONWEALTH of Kentucky TRANSPORTATION CABINET, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Raymond COMER and Marion Corn, Appellees.

No. 91–CA–137–MR.

Court of Appeals of Kentucky.

Dec. 20, 1991.

Louis Kawaja, Lexington, for appellant.

Thomas C. Marks, Robert S. Miller, Miller, Griffin, & Marks, PSC, Lexington, for appellees.

Before HOWERTON, SCHRODER and WILHOIT, JJ.

HOWERTON, Judge.

The Commonwealth of Kentucky, Transportation Cabinet, Department of Highways appeals from a determination of the Fayette Circuit Court that Raymond Comer and Marion Corn were denied reasonable access to their properties when the state constructed a railroad underpass on South Broadway in Lexington. After the trial court concluded there was a public taking of the land, a jury awarded $240,000 to Comer and $111,000 to Corn.

In a previous proceeding, the trial court concluded that there was no compensable taking. As that decision was apparently based on the judge's personal knowledge of

the situation, this Court reversed the judgment and remanded for a trial and findings. Judge Meade committed a procedural error in the first proceeding, but he apparently had a correct understanding of the substantive issue. On remand, he heard the evidence and made his findings, but on the ultimate question of a compensable denial of reasonable access, he erred as a matter of law. We reverse.

Comer and Corn each owned property at the intersection of South Broadway and Scott Street in Lexington prior to construction of the railroad underpass in 1987. Before construction, the public had access directly from South Broadway to Scott Street in front of the properties, on which each was operating a business. After construction of the underpass, the properties did not have direct vehicular access to South Broadway but continued to have direct access only to Scott Street. It is now necessary to drive approximately nine-tenths of a mile over Scott Street and other adjacent streets to get to these properties from Broadway. There was no physical taking of any part of either the Comer or Corn property.

Comer and Corn filed the first appeal to this Court after the trial court dismissed their original complaint, which alleged deprivation of a right of reasonable access to the highway system, resulting in an unauthorized taking without just compensation. This Court vacated and remanded the case, holding that the trial court must hear some evidence in order to determine the issue. This Court noted that, although it appeared from the order of the trial court that Judge Meade believed the property owners were not denied reasonable access, the court had failed to make any specific finding or cite any legal authority regarding the issue of reasonable access. This Court's earlier opinion did not mandate a judgment for Comer and Corn. After this Court's decision, the Commonwealth's motion for discretionary review was denied.

On remand, the trial court held an evidentiary hearing. Comer and Corn introduced evidence of circuity of travel and diversion of traffic, as well as evidence from which loss of business could be inferred. After all the evidence was presented, the trial court ruled that the property owners had lost reasonable access. A jury trial to determine damages was held over the Commonwealth's objection. The jury awarded Comer $240,000 and Corn was awarded $111,000. The Commonwealth now appeals to this Court to review the trial court's decision regarding reasonable access, along with the issues regarding the evidence presented to the jury and its verdict.

The Commonwealth argues that the evidence presented at the hearing, when considered in light of the legal standards enunciated in the case law, was insufficient to support the conclusion that Comer and Corn had lost reasonable access to their properties. We believe this argument is sound.

■ Initially, it appears that the trial judge misconstrued the directive from the first appeal of this case. The deficiency noted on that appeal was the absence of any finding or conclusion of law based on evidence that the remaining access to the Comer and Corn properties was either reasonable or unreasonable. This Court's decision was required by the rule enunciated in *Commonwealth, Department of Highways v. Adkins*, Ky., 396 S.W.2d 768 (1965). Ordinarily, whether the landowner has been deprived of reasonable access is a question of law which should be resolved by the court, but in order for it to be resolved at all, the facts must be disclosed.

No evidentiary hearing was held, although a stipulation was filed. The landowners were denied the right to demonstrate by evidence, if they could, that Scott Street does not meet modern vehicular requirements, or that it was impassable at certain times, or that it provided insufficient driveway space for commercial vehicles, or that it in some way other than circuity was not reasonable access. This Court expressed no opinion as to what that ultimate determination should be. It only required that the narrow issue of reasonable access be addressed.

The evidence adduced at the hearing on remand showed that Comer and Corn retained access to their properties via Scott Street; however, in order to get to their properties from that portion of South Broadway which adjoins their properties, one must drive approximately nine-tenths of a mile. It is well-settled law in Kentucky that reasonable restriction of access, rerouting of public highways, and circuity of travel caused thereby are not legally compensable. *Commonwealth, Department of Highways v. Diuguid*, Ky., 469 S.W.2d 707 (1971); *Commonwealth, Department of Highways v. Rosenblatt*, Ky., 416 S.W.2d 754 (1967). Clearly, governments must have the authority to grant or deny parking on streets, establish one-way traffic, allow or deny curb-cuts and driveways, erect dividers and safety barriers in streets, and other such things to improve traffic flow and safety.

*DeRossette v. Jefferson County*, 288 Ky. 407, 156 S.W.2d 165 (1941), the case most similar to the case at bar, involved a property owner's claim that an underpass built by the county destroyed his property without payment of just compensation. The owner alleged that the road alteration interfered with traffic moving along a heavily-travelled road on which he was conducting a profitable business. The underpass construction rerouted or diverted traffic to the new highway. This led to loss of business and depreciation in the value of his real property.

The *DeRossette* court thoroughly examined the case law and distinguished the cases where a compensable loss was found. Unreasonable obstruction in which *all* means of ingress were destroyed was a common theme found in several of the cases where compensation was awarded. This was the situation in *Henderson v. City of Lexington*, 132 Ky. 390, 111 S.W. 318 (1908), and *Illinois Central Railroad Company v. Ward*, 237 Ky. 478, 35 S.W.2d 863 (1931). The *DeRossette* court further noted that other cases with compensable damage existed when there was unreasonable interference with ingress and egress or there was a wrongful or illegal obstruction of a public road. The court found

*Cranley v. Boyd County*, 266 Ky. 569, 99 S.W.2d 737 (1936), to be an example of unreasonable interference when a county engineer closed access to an old road used by the plaintiff when the barriers effectively destroyed her ingress and egress to that road. The *Cranley* court limited its holding to the facts and specifically stated that "[no] compensation [will] be required where a change in a road results merely in personal inconvenience or injury, such as to trade or business by diverting traffic, or compels a more circuitous route of access." 266 Ky. at 573, 99 S.W.2d 737.

Although Comer and Corn rely on *Henderson, supra*, and *Ward, supra*, these cases are easily distinguishable from the present case. Here, we do not have a complete destruction of ingress and egress to and from the subject properties. Neither do we have an unreasonable obstruction as presented in *Cranley*. Also, we note that the remainder of the cases cited by Comer and Corn involve a *physical taking* from the abutting properties and are thus distinguishable.

*DeRossette, supra*, and the cases discussed therein, indicate that where there is only a diversion of traffic or a circuitous route of travel suffered by the property owner, there is to be no compensation. In the case before us, it is evident that the public has to take another route from South Broadway to the Comer and Corn properties. But, as the Commonwealth points out in its brief, if one is east of the properties, the Scott Street route is still the same.

The DeRossette case was cited with approval in *Department of Highways v. Jackson*, Ky., 302 S.W.2d 373 (1957), which was an action by an owner for depreciation of land value when a county road between his property and a nearby town was closed. The court held that the closing of the county road at one end did not deprive the owner of reasonable access from his land to the highway system and that he was therefore not entitled to damages, even though the closing required taking a slightly longer route to the nearby town. The court noted that past decisions had made a

distinction between county highways and city streets as to the rights of abutting landowners to continued maintenance. The rule had been that a landowner along a county road had no property right in the continued maintenance of that road, while a landowner along a city street had a right, in the nature of a private easement, to the continued maintenance of platted or dedicated streets. 302 S.W.2d at 374. In specifically holding that this distinction be abolished, the court declared "that the rule governing city streets shall be the same as that herein stated for county roads." *Id.* at 376. *Jackson* overruled all earlier cases in conflict with this new rule, including, to this extent, *Cranley, supra,* and *Ward, supra.*

In conclusion, we recognize the difficulties frequently presented by inverse condemnation cases, and the resulting hardships often experienced by the parties involved. However, it is not for this Court to carve out any exceptions to the general rule of law applicable to cases such as this. The inherent nature of the circumstances involved in such cases has required that rules be created, which may sometimes be viewed as arbitrary, but which in fact provide workable, objective standards. Neighborhoods, traffic patterns, safety requirements, and the like change over time, and governments must not always be required to compensate a property owner for every inconvenience or loss of business. The facts here present a case of noncompensable damage. The trial judge gathered the evidence as required but then reached the wrong conclusion of law. Because we find that there is no support in the case law to hold that Comer and Corn were denied reasonable access to their properties as a result of the construction of the underpass, we decline to address the remaining issues raised by the Commonwealth.

The judgment of the Fayette Circuit Court is reversed.

All concur.