## Wright et al. v. Flood.

February 25, 1947.

J. Wirt Turner, Judge.

William H. Hays for appellants.

A. E. Funk and Chat Chancellor for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

This is an appeal from a judgment of the Shelby circuit court reversing and setting aside a judgment of the Shelby county court closing a section of a county road known as the Harrodsburg-Drennon road, located in the northern portion of Shelby county.

At the point in question, the road runs in a north and south direction and connects on the north with State Highway No. 43, which runs in an east and west direction, and on the south with a county road known as the Cropper-Cull road. From this intersection the Cropper-Cull road runs parallel with the tracks of the Louisville & Nashville railroad to the town of Cropper, a distance of seven-tenths of a mile, where it intersects with State Highway No. 43. The section of the Harrodsburg-Drennon road between the Cropper-Cull road and State Highway No. 43 is six-tenths of a mile in length, and passes through the lands of the appellee, R. P. Flood, and R. D. Bellwood. R. P. Flood owns land on both sides of the southern part of

this section and, after passing through his land a distance of 510 feet, the road passes through the land of R. D. Bellwood a distance of 2,500 feet to State Highway No. 43. The portion of the road which passes through Bellwood's land has not been used since 1935, when State Highway No. 43 was constructed. It appears that R. D. Bellwood constructed fences and gates across the road on his land. On March 14, 1933, the fiscal court of Shelby county ordered this portion of the road closed and directed that proper notices be published, but no action was taken pursuant to the order. In September, 1945, a similar order was entered by the fiscal court, and proceedings were begun in the Shelby county court, pursuant to section 178.070 of the Kentucky Revised Statutes, to close and discontinue the Harrodsburg-Drennon road as a county road from the point where it crosses the Louisville & Nashville railroad, 68 feet south of R. P. Flood's private entrance, to the point where it intersects State Highway No. 43, a total distance of six-tenths of a mile. The provisions of KRS 178.070, as to the filing of a petition, the publishing and posting of notices, and the appointment of viewers, were complied with. The viewers reported in writing that the closing of the road would not inconvenience any person or persons living in that community. On October 12, 1945, at a hearing at which R. P. Flood appeared in person and by counsel, the Shelby county court entered an order directing that the Harrodsburg-Drennon road be closed and discontinued as a county road from State Highway No. 43 over and through the lands of R. D. Bellwood and R. P. Flood to a point 68 feet north of the north line of the Louisville & Nashville railroad right of way. This is the point where R. P. Flood's private road enters the Harrodsburg-Drennon road, and the order of the county court left 68 feet of the road to be maintained by the county in order to afford Flood an entrance to the Cropper-Cull road. R. P. Flood appealed from the order of the county court to the Shelby circuit court, and on February 11, 1946, the circuit court entered a judgment reversing and setting aside the order of the county court. The county judge, county road engineer, and fiscal court of Shelby county have appealed.

It is argued by appellee that as an abutting property

owner he has a property right in the Harrodsburg-Drennon road; that the closing of the road constitutes a taking of that property right; and that such a taking is in violation of sections 13 and 242 of our Constitution. Section 13 provides that no man's property shall be taken or applied to public use without just compensation being previously made to him, and section 242 provides that municipal and other corporations and individuals vested with the privilege of taking private property for public use shall make just compensation for property taken, injured or destroyed by them. It further provides that upon appeal from the preliminary assessment, the amount of the damages shall be determined by a jury according to the course of the common law. Appellee also contends that KRS 178.070, which confers upon county courts jurisdiction to discontinue county roads, is unconstitutional since it contains no provision for the compensation of any person whose property might be taken in the course of such proceeding. This section of the Statutes is section 14 of a comprehensive road law adopted by the General Assembly in 1914, Chapter 80, Acts of 1914. Statutes containing similar provisions for discontinuing county roads have been in effect since the early days of the Commonwealth. In Cole v. Shannon, 1 J. J. Marsh. 218, a public road had been discontinued by an order of the county court after the publication of notice. A party through whose land the road passed appealed, and the appeal was dismissed on the ground that he had no right different from the general public and that owning the land through which a public road passes gives to the owner no exclusive or peculiar right to the road. In the course of the opinion the court, speaking through Judge Robertson, said:

"It would seem to result therefore, if there were no other reason for it that he could not ask the reversal of an order discontinuing a road through his land. If he can have no right to have it established, he can have none to prevent its discontinuance. The public convenience must be consulted. And the common will, represented by the county court, must prevail, over individual advantages and wishes. The advantages which any one derives from a highway, are adventitious. The duration of their enjoyment, depends on the continuance, or dis-

continuance of the road, and this depends, not on the will or interest of an individual; but on the common good, and public sentiment."

In Chenault v. Collins, 155 Ky. 312, 159 S. W. 834, it was held that a property owner, in the absence of statutory provision, is not entitled to damages on account of the discontinuance of a county road, and the Shannon case was cited. The complaining property owner in the Collins case owned property adjoining the road proposed to be discontinued and claimed that discontinuance of the road would deny her an easement and take her property without compensation. In Beatty v. Louisville & Nashville Railroad Company, 176 Ky. 100, 195 S. W. 487, 490, this court said:

"It has with uniform consistency been held by this court that a private citizen has no vested right in the permanent continuance of a public highway for a discontinuation of which he might maintain an action either for damages or to enforce a perpetual maintenance of the highway."

The Shannon and Collins cases, supra, as well as Lexington & Ohio Railway Company v. Applegate, 8 Dana 289, 33 Am. Dec. 497, and Bradbury v. Walton, 94 Ky. 163, 21 S. W. 869, were cited. Bradbury v. Walton was decided in 1893, and held constitutional an act similar to the one before us. Appellee contends that the foregoing cases were, in effect, overruled by Illinois Central Railroad Company v. Ward, 237 Ky. 478, 35 S. W. 2d 863, but, as pointed out in DeRossette v. Jefferson County, 288 Ky. 407, 156 S. W. 2d 165, the Ward case involved the wrongful obstruction of a road, and the opinion in the Ward case carefully distinguished it from the Bradbury and other cases which held that abutting property owners have no property right in the continued maintenance of a public road. Appellee cites a number of cases which hold that an owner of property abutting on a public street in a city has a right of property in the street, and the closing of the street is a taking of private property within the meaning of sections 13 and 242 of the Constitution. The distinction between the streets of a city and an ordinary public way is pointed out in Bradbury v. Walton, supra, and we adhere to what was said in that opinion. Undoubtedly, a property owner

may prevent the closing of a county road which deprives him of his sole or principal means of ingress and egress. KRS 178.070 does not contemplate or permit such a result, and it would be an abuse of discretion on the part of the county court to order the discontinuance of a road under those circumstances. However, we are not dealing with a case of that character. The section of road ordered discontinued is an unimproved dirt road which the record indicates had not been used or usable by vehicles for a long period of time. Appellee has access to a traffic bound county road, which connects with other county and state roads, and is his most convenient outlet to points east, west, and south. In traveling to points north, the distance by way of the Cropper-Cull road is only 1.4 miles greater than over the old Harrodsburg-Drennon road. The inconvenience, if any, to appellee by reason of the closing of the section of road through the Bellwood farm is trivial. A careful reading of the evidence convinces us that there was no special damage to appellee's property differing in kind and not merely in degree from that which might have been sustained by the general public when this section of the road was discontinued. That part of the road contiguous to appellee's property which connects his private entrance with the Cropper-Cull road which in turn connects with all of the principal public roads in the vicinity was not discontinued, and the evidence shows he has ample means of ingress and egress to and from his property. The closing of the road through the Bellwood farm is the act of which appellee complains. As said in Cranley v. Boyd County, 266 Ky. 569, 99 S. W. 2d 737, 740:

"* * * the general weight of authority in requiring compensation to an owner of private property for a taking or damage under similar constitutional provisions is that the damage suffered must be to contiguous property and the direct and immediate consequence of the act complained of. Recovery cannot be had for remote or contingent injury. Nor will compensation be required where a change in a road results merely in personal inconvenience or injury, such as to trade or business, by diverting traffic, or compels a more circuitous route of access."

We conclude that the county court did not abuse its

discretion in ordering the section of road in question discontinued.

It follows that the circuit court erred in setting aside the order of the county court, and the judgment is accordingly reversed.