**Ex parte COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, by the Commissioner of Highways, W. P. Curlin, Appellants.**

Court of Appeals of Kentucky.

June 22, 1956.

J. D. Buckman, Atty. Gen., C. J. Waddill, William M. Deep, T. W. Johnson, Asst. Attys. Gen., for appellants.

J. T. Hatcher, Paul M. Lewis, Ordie S. Irwin, County Attorney, Elizabethtown, for objectors.

CULLEN, Commissioner.

The appeal is by the Department of Highways of Kentucky from a judgment of the Hardin Circuit Court denying the petition of the department for an order closing a

certain county road. The circuit court reversed a pervious judgment of the county court which had ordered that the road be closed. Although the appeal is styled as an ex parte proceeding, actually there are some appellees, consisting of property owners who protested the closing of the road.

The road in question, known as Hagan's Lane, is approximately one mile in length. It runs from U. S. Highway No. 62 to the Springfield Road, a short distance east of Elizabethtown. There are six houses on the road. The Louisville-Elizabethtown Turnpike (a limited-access toll road being constructed by the state, and which now is substantially completed) crosses Hagan's Lane at grade, at a point some 300 yards from the Springfield Road. In order to preserve the character of the Turnpike as a limited-access highway, the Department of Highways desires that Hagan's Lane be closed at the right of way lines of the Turnpike (which of course will leave Hagan's Lane open north and south of the Turnpike).

The department filed a petition with the Hardin County Court, under KRS 178.070 to 178.100, asking that Hagan's Lane be closed at the right of way lines of the Turnpike. Viewers were appointed pursuant to KRS 178.070 and they reported that the inconvenience would be such that the road should not be closed. The property owners on Hagan's Lane then appeared and protested the closing. The county court nevertheless ordered that the road be closed. On appeal by the property owners to the circuit court, under KRS 178.100, the circuit court entered the judgment here appealed from, dismissing the petition of the department. It was the view of the circuit court that great inconvenience would result from the closing, and that the department had not shown any satisfactory reason why an underpass could not be constructed under the Turnpike.

The case law of Kentucky on the subject of road closing leaves much to be desired from the standpoints of certainty and consistency. However, it is reasonably clear, from the decisions, that the question of the right to close a road, and the question of liability for damages as a result of the closing, involve different considerations.

■ As concerns the right to close a county road, there is no question but that under KRS 178.070 to 178.100 *inconvenience* is the determining factor. See Wright v. Flood, 304 Ky. 122, 200 S.W.2d 117. However, notwithstanding the fact that the Department of Highways, in the case before us, elected to proceed under KRS 178.070 to 178.100, it does not follow that the department's right to close the road depends solely upon those statutes.

■ Under the turnpike statutes and the limited-access highway statutes, particularly KRS 177.430, 177.440 and 177.270, the Department of Highways has express authority to close a public road that crosses a turnpike at grade. Obviously, this power is essential in order to accomplish the purpose of a limited-access or toll highway. It is true that KRS 177.430(3) provides that the vacating of an existing public road shall be "in the manner now provided by law for the vacation * * * of public roads," but in order to give effect to the general object and purpose of the turnpike statutes this language must be construed as contemplating only *procedural mechanics,* rather than substantive determinations. It would practically nullify the objective of the turnpike statutes if it were to be held that the question of whether or not the road is to be closed shall be decided by some authority other than the Department of Highways. We think KRS 177.430(3) means that the regular *procedure* for closing a county road, KRS 178.070 to 178.100, shall be followed, but that as concerns the right to close, the procedure is a mere formality.

Our view is strengthened by the fact that under KRS 177.020 the Department of Highways has the power to take over any

**816**

county road and make it a part of the state primary road system, and having done so, may by its own order discontinue such road. Williams v. Woodward, Ky., 240 S.W.2d 94.

As we interpret the statutes in question, when the Department of Highways has determined that a county road intersecting a turnpike should be closed, and proceeds under KRS 178.070 to 178.100 to obtain a formal order closing the road, the question of whether or not the road should be closed is not to be litigated.

■ This brings us to the question of liability for damages. We think it is fairly well established that a property owner on a road proposed to be closed is entitled to damages (for depreciation in the value of his property) only when the closing of the road will deprive him of his sole or principal means of ingress and egress. Wright v. Flood, 304 Ky. 122, 200 S.W.2d 117; Standiford Civic Club v. Commonwealth, Ky., 289 S.W.2d 498. It may well be that where the closing will have such a result, the closing may not be effected until the damages have been ascertained and paid. This is the situation that was dealt with in Standiford Civic Club v. Commonwealth, Ky., 289 S.W.2d 498. However, some ambiguity exists concerning the proper procedure to be followed in the determination and allowance of damages.

The provision of KRS 177.430(3) for vacating a road "in the manner now provided by law" is followed by the statement that "any damages awarded on account thereof shall be paid by the department as a part of the cost of such project." Difficulty arises from the fact, as pointed out in Wright v. Flood, 304 Ky. 122, 200 S.W.2d 117, that the statutes providing the procedure for closing county roads, KRS 178.070 to 178.100, do not include any provisions for ascertaining or paying damages. Perhaps it may be necessary, in cases of deprivation of access, to join a condemnation suit with the road closing proceeding.

■ We find it unnecessary, in the case before us, to determine what procedure should be followed in cases where damages may be payable. The record shows that none of the protesting property owners will be deprived of their sole or principal means of ingress and egress. They will suffer only inconvenience, which is a detriment differing merely in degree, and not in kind, from that which may be suffered by the public generally. Wright v. Flood, 304 Ky. 122, 200 S.W.2d 117.

Since the protesting property owners will not be deprived of a compensable property right, and since the decision that the road be closed rested solely with the Department of Highways, we think the circuit court erred in refusing to enter an order closing the road.

The judgment is reversed, with directions to enter judgment closing the road.