**P. L. WALKER, Appellant,**

v.

**LYON COUNTY FISCAL COURT et al.,
Appellees.**

Court of Appeals of Kentucky.

March 1, 1968.

Adrian H. Terrell, Terrell, Schultzman & Hardy, Paducah, for appellant.

J. Gordon Lisanby, Princeton, for appellees.

MONTGOMERY, Judge.

P. L. Walker appeals from a judgment affirming the decision of the Lyon County Fiscal Court in refusing to close an old road known as the Spring Creek Road. The portion of the road sought to be closed extends a distance of 2,020 feet through Walker's farm on Kentucky Highway 295 to the property line between Walker's farm and a field owned by Claude Peek, also an appellee.

Appellant petitioned the Lyon County Fiscal Court to discontinue the road under authority of KRS 178.070, enacted in 1964. Formerly this section provided that the county court could make such an order.

Under the statute, two viewers and the county road engineer were appointed "to report * * * what inconvenience, if any, would result from officially closing the * * * road or roadbed." The viewers reported "that such inconvenience would result to the farm of Claude Peek." The engineer reported "* * * the road should be closed or made passable."

In an earlier proceeding, the county judge, while sitting as the county court, entered an order closing the road. This was set aside as an erroneous proceeding which should have been initiated in the fiscal court.

Without detailing the testimony heard in circuit court, it is readily apparent from the whole record that the matter resolves itself into a dispute between appellant, over whose land the "road or roadbed" is located,

and appellee Claude Peek, backed by Shelley Peek, a member of the fiscal court. It is also apparent that it is a matter of personal convenience: whether the Peeks are entitled to keep the way open for an occasional short cut trip or whether appellant may have the road closed as a benefit to his farming operation. Nothing in the record shows any present convenience to the public, or public necessity for the road.

Many years ago the road was used by the public generally but has fallen into disuse and has grown up. Photographs introduced as exhibits show, graphically, that the general public had not used the road for a long time and no one has used it very much in recent years. There are reasonable means of ingress and egress to the farms owned by the Peeks and for travel between their farms. An aerial photograph indicates that the road goes through wooded growth on appellant's farm but ends, or is not discernible, when it reaches the cultivated or cleared areas of Claude Peek's farm.

The trial court found that this was an old road; that due to passage of time and change in traffic conditions the road had fallen "into disuse by the general public"; that Claude Peek, the protestant, had another road which he could use; and that "as far as the general public is concerned the road ought to be closed." The court concluded, however, that as a matter of law the court was bound by the decision of the fiscal court.

■ The standard by which a road may be established or discontinued is better stated in the words of Robertson, J., in Cole v. Shannon, 24 Ky. (1 J.J.Marsh.) 218, as follows:

"The public convenience must be consulted. And the common will, represented by the county court, must prevail over individual advantages and wishes. The advantages which any one derives from a highway, are adventitious. The duration of their enjoyment depends on the continuance or discontinuance of the road, and this depends not on the will or interest of an individual, but on the common good, and public sentiment."

To the same effect is Hawkins v. Robinson, 28 Ky. (5 J.J.Marsh.) 8, 9. See also Perkins v. Madison, 144 Ky. 718, 139 S.W. 967; Wright v. Flood, 304 Ky. 122, 200 S.W.2d 117; Ex parte Commonwealth, Ky., 291 S.W.2d 814; Department of Highways v. Jackson, Ky., 302 S.W.2d 373.

■ The report of the viewers and the findings of the trial court show that there is no public need for the continuance of Spring Creek Road. Under the cases cited, in the absence of a public need, a showing of individual inconvenience is insufficient to keep the road open. It should have been ordered closed.

■ Appellees question the right of appellant to appeal from the order of the fiscal court. It is insisted that KRS 178.100 cannot be relied on for such appeal. Apparently when KRS 178.070 was amended by changing the authority to change a road from the county court to the fiscal court, no change was made in KRS 178.-100, which authorizes an appeal from the decision of the county court in such cases. However, KRS 23.030 provides that an appeal may be taken to the circuit court from "all orders * * * of the fiscal court * * * in civil cases where the amount in controversy, * * * is over twenty-five dollars."

The right to appeal from an order of a fiscal court and the scope of review are discussed in Shreve v. Taylor County Public Library Board, Ky., 419 S.W.2d 779. It is there pointed out that orders of a fiscal court may be judicial or administrative in nature but that in either event when the action taken is arbitrary it may be reviewed in circuit court. Under the facts of the present case, based on the viewers' report and the trial court's findings, the refusal to close the road was arbitrary, in that no public need was shown, and on re-

view the decision of the fiscal court should have been reversed. Thurman v. Meridian Mutual Insurance Company, Ky., 345 S.W. 2d 635.

Judgment reversed for proceedings in conformity herewith.

All concur.