The Honorable Dennis Young State Representative P.O. Box 1835 Texarkana, Arkansas 75504-1835
Dear Representative Young:
This is in response to your request for an opinion on whether the members of a "subgroup" of the "Governor's Working Group on Juvenile Justice" violated the Arkansas Freedom of Information act by preventing the media from covering a meeting held on July 1, 1998 at the State Capitol.
In my opinion the answer to your question will depend upon whether the "Governor's Working Group on Juvenile Justice" is a "governing body" for purposes of the Arkansas FOIA's open meeting requirements, or whether it is instead merely an advisory body whose meetings are not subject to the FOIA. This is a question of fact dependent upon the authority of the "Working Group." It is my opinion, as a general matter, that if the parent body is subject to the FOIA's open meeting requirements, the same requirement attaches to meetings of subgroups of the governing body. SeeArkansas Gazette Co. v. Pickens, 258 Ark. 69, 522 S.W.2d 350 (1975). If the parent body is merely an advisory body, and not a "governing body" for purposes of the FOIA, and thus not subject to the open meetings requirements, no open meetings requirement will ordinarily attach to a subgroup of such body.
The relevant portion of the FOIA states as follows:
 (a) Except as otherwise specifically provided by law, all meetings, formal or informal, special or regular, of the governing bodies[1] of all municipalities, counties, townships, and school districts and all boards, bureaus, commissions, or organizations of the State of Arkansas, except grand juries, supported wholly or in part by public funds or expending public funds, shall be public meetings.
Very recently, in Op. Att'y Gen. 98-113, I quoted with approval language from an earlier Attorney General Opinion (96-074) to the effect that:
 The FOIA['s open meetings requirement] only applies to `governing bodies.' Professor John Watkins, author of Arkansas Freedom of Information Act (2d ed. mm Press 1994) and leading commentator on the FOIA, has taken the position that the pertinent factor in determining whether a particular group constitutes a `governing body' is whether it has decision-making authority. Id. at 46; Baxter County Newspapers v. Medical Staff of Baxter General Hospital, 273 Ark. 511, 622 S.W.2d 495
(1981).
Op. Att'y Gen. 98-113 at 3, quoting Op. Att'y Gen. 96-074 at 5.
The question of whether the "Governor's Working Group on Juvenile Justice" (or any of its subgroups) must comply with the FOIA therefore hinges on whether it possesses "decision-making authority" or whether it is merely an "advisory body." I have previously stated with respect to advisory bodies that:
 Although there are no Arkansas Supreme Court cases addressing this precise question, there is authority in other jurisdictions for the general proposition that advisory committees do not fall within state sunshine statutes similar to the above provision. See Watkins, Open Meetings Under the Arkansas Freedom of Information Act, 38 Ark. L. Rev. 268, 294-295 (1984), citing Sanders v. Benton, 579 P.2d 815
(Okla. 1978) and McLarty v. Board of Regents, 231 Ga. 22, 200 S.W.2d 117 (1973). The rationale set forth in those cases is premised upon the theory that committees lacking final decision-making or policy-making authority are generally not considered `governing bodies' of the municipalities or counties for purposes of the FOIA. However, where an `advisory' committee has become a `de facto governing body' by virtue of the governing body's automatic acceptance of its recommendations, open meeting requirements of the FOIA may apply. See Watkins, supra at 299-300.
Op. Att'y Gen. 91-288 at 1-2.
It is my understanding that the "Governor's Working Group on Juvenile Justice" was not created by Executive Proclamation, or by law, but was, rather, simply announced by virtue of a news release. The news release states that the group's mission is to:
 . . . clearly define and assess the issues; seek input from all interested and affected parties; identify individuals and organizations around the state and nation who are addressing this problem from punitive and preventive perspectives; adapt existing models, programs or strategies to Arkansas or design a strategy to meet the needs of Arkansas juveniles; determine the legitimate role government has to play in helping to solve these problems; and report recommendations to the governor.
If the only authority of the "Governor's Working Group on Juvenile Justice" is to make recommendations, it is my opinion that it is in all likelihood only an advisory body whose meetings are not subject to the FOIA. See Op. Att'y Gen. 91-288 and Watkins, supra at 48-49.
Confusion has apparently arisen over the issue because initially, the meetings of the parent body were to be closed to the public. After objections from the news media, the Governor agreed to open those meetings. This decision was apparently made voluntarily, without reference to whether the FOIA actually required the meetings to be open. The issue of whether the meetings of the parent body are, as a matter of law, required to be open to the public, was thus never formally decided. The requisite notice under the FOIA was sent to the news media for a recent meeting of a subgroup. Members of the media arrived, but were excluded from the subgroup's meeting. This is the July 1 meeting which prompted your request.
It is my opinion that if the "Governor's Working Group on Juvenile Justice" and each of its subgroups perform only an advisory role, and have no actual decision-making authority, the meetings of the parent body and its subgroups are not subject to the open meetings requirements of the FOIA. Of course, as noted in Op. Att'y Gen. 91-288 the group's status will "depend upon the particular facts surrounding [it's] role." Even if the meetings of these groups are not within the parameters of the FOIA, there is no legal impediment, under these facts, to the voluntary holding of open meetings.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] There is some ambiguity as to whether the term "governing bodies" as used in the language above, refers only to "municipalities, counties, townships, and school districts," or whether it also modifies the words "all boards, bureaus, commissions, or organizations of the State of Arkansas. . . ." See Watkins, supra at 43-44 and Op. Att'y Gen. 92-241. I have interpreted case law of the Arkansas Supreme Court as applying the "governing body" limitation to all of the foregoing entities (see, e.g., Op. Att'y Gen. 92-241), and Professor Watkins also notes that this interpretation finds support in Arkansas case law. See Watkins, supra at 60, n. 69.