Ms. Vickie Tidwell, Chairperson Arkansas Division of Volunteerism Advisory Council 1805 Woodspoint Cove Jonesboro, Arkansas 72401
Dear Ms. Tidwell:
I am writing in response to your request for an opinion on whether the Arkansas Division of Volunteerism Advisory Council is subject to the provisions of the Arkansas Freedom of Information Act, ("FOIA") codified at A.C.A. § 25-19-101 to -107 (Repl. 1996 and Supp. 1999).
RESPONSE
The Arkansas Freedom of Information Act grants Arkansas citizens access to: 1) public meetings and 2) public records. I assume your question is asked with regard to both components of the FOIA, that is, you inquire as to whether the Advisory Council must comply with the FOIA when it holds meetings and whether it must, upon request, make its records available for public inspection and copying. With regard to the FOIA's applicability to the Advisory Council's meetings, it is my opinion that the answer to your question will depend upon whether the Council is a "governing body" for purposes of the FOIA. This is to some degree a question of fact. I am not empowered as a fact-finder, and thus cannot definitively determine the issue, but I can set out the relevant law that must be applied to determine the answer to your question. I have done so below. With regard to the FOIA's applicability to records of the Council, a different test applies. It is my opinion that the records of the Advisory Council will in all likelihood be subject to inspection and copying under the FOIA.
You note that the most recent legislation regarding the Arkansas Division of Volunteerism Advisory Council is set out at A.C.A. §25-10-128 (Supp. 1999).
That statute creates, within the Department of Human Services ("DHS"), a "Division of Volunteerism." This Division of DHS performs a number of functions relating to the coordination of volunteer activities throughout the state. See A.C.A. § 25-10-128 (c). Subsection (d) of this statute, however, also provides that:
 The program and staff of the Division of Volunteerism will be assisted by an advisory council. It will be the responsibility of this council to assist the staff in setting goals, establishing priority activities, performing an advocacy role, and assisting in funding and resource development and publicity and recognition and awards programs. Council members shall be appointed by the Governor from existing state, local, and private agencies which operate volunteer programs and shall serve at the pleasure of the Governor.
In response to your question, the relevant portion of the FOIA states as follows:
 (a) Except as otherwise specifically provided by law, all meetings, formal or informal, special or regular, of the governing bodies[1] of all municipalities, counties, townships, and school districts and all boards, bureaus, commissions, or organizations of the State of Arkansas, except grand juries, supported wholly or in part by public funds or expending public funds, shall be public meetings.
In Op. Att'y Gen. 98-113, my predecessor quoted with approval language from an earlier Attorney General Opinion (96-074) to the effect that:
 The FOIA's open meetings requirement] only applies to `governing bodies.' Professor John Watkins, author of Arkansas Freedom of Information Act (2d ed. mm Press 1994) and leading commentator on the FOIA, has taken the position that the pertinent factor in determining whether a particular group constitutes a `governing body' is whether it has decision-making authority. Id. at 46; Baxter County Newspapers v. Medical Staff of Baxter General Hospital, 273 Ark. 511, 622 S.W.2d 495
(1981).
Op. Att'y Gen. 98-113 at 3, quoting Op. Att'y Gen. 96-074 at 5.
The question of whether the Arkansas Division of Volunteerism Advisory Council must hold its meetings in compliance with the FOIA therefore hinges on whether it possesses "decision-making authority" or whether it is merely an "advisory body." It has been previously stated with respect to advisory bodies that:
 Although there are no Arkansas Supreme Court cases addressing this precise question, there is authority in other jurisdictions for the general proposition that advisory committees do not fall within state sunshine statutes similar to the above provision. See Watkins, Open Meetings Under the Arkansas Freedom of Information Act, 38 Ark. L. Rev. 268, 294-295 (1984), citing Sanders v. Benton, 579 P.2d 815
(Okla. 1978) and McLarty v. Board of Regents, 231 Ga. 22, 200 S.W.2d 117 (1973). The rationale set forth in those cases is premised upon the theory that committees lacking final decision-making or policy-making authority are generally not considered `governing bodies' of the municipalities or counties for purposes of the FOIA. However, where an `advisory' committee has become a `de facto governing body' by virtue of the governing body's automatic acceptance of its recommendations, open meeting requirements of the FOIA may apply. See Watkins, supra at 299-300.
Op. Att'y Gen. 91-288 at 1-2.
If, as a matter of fact, the Arkansas Division of Volunteerism Advisory Council exercises no final decision-making authority, and serves only to advise the Division of Volunteerism, which Division is free to and sometimes does, reject the advice of the Council, in my opinion the Council may well be the type of "advisory" body to which the FOIA's provisions do not apply. Again, however, the issue is ultimately one of fact.
With regard to the records of the Advisory Council, there is no such "governing body" limitation. As noted in Arkansas Freedom of Information Act (3d ed. mm Press 1998):
 The FOIA's "public funding" provision should be sufficient to make the records of advisory groups subject to inspection under the act even though their meetings can apparently be closed to the public. This seemingly contradictory result follows from the fact that the open meeting requirement applies only to "governing bodies. . . ." Insofar as records are concerned, the Arkansas courts will not be required to draw the line between a governing body and one that is merely advisory, for the FOIA applies to the records of any entity "wholly or partially supported by public funds or expending public funds." Because advisory bodies established by government agencies generally receive direct public funding for their activities and are involved in matters of public concern, their records are subject to the act. Moreover, advisory committee records should be available under the act directly from the government agency that the group was established to assist.
Id. at 54-55 (footnotes omitted).
I am unaware of the exact nature of the "public funding" of the Advisory Council. In my opinion, however, because the Council is created by state law and is clearly a governmental entity, direct public funding is not a prerequisite to the act's applicability to the records of the Council. The FOIA defines "public records" as those "which constitute a record of the performance or lack of performance of official functions which are or should be carried out by . . . a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds." In this regard, the act applies to all governmental entities, whether they are "wholly or partially supported by public funds or expending public fund" or not. Cf. Op. Att'y Gen. 95-128.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] There is some ambiguity as to whether the term "governing bodies" as used in the language above, refers only to "municipalities, counties, townships, and school districts," or whether it also modifies the words "all boards, bureaus, commissions, or organizations of the State of Arkansas. . . ." See Watkins, Arkansas Freedom of Information Act (mm Press 3rd ed. 1998) at 49-50 and Op. Att'y Gen. 92-241. My predecessor has interpreted case law of the Arkansas Supreme Court as applying the "governing body" limitation to all of the foregoing entities (see, e.g., Op. Att'y Gen. 92-241), and Professor Watkins also notes that this interpretation finds support in Arkansas case law. See Watkins, supra at 69, n. 84.